## PLUMER CHESLEY *vs.* LEWIS JOSSELYN.

Accepting a bill of sale of a stock of chattels, containing covenants of title and good right to sell, "subject to" a certain mortgage, does not estop the vendee to claim, as against the mortgagee, chattels added to the stock by the mortgagor since the mortgage, although the mortgage purports to include such chattels.

ACTION OF TORT for the conversion of a quantity of type and other personal property used in a printing office.

At the trial in the court of common pleas, there was evidence tending to show that the defendant sold and conveyed to Edwin Lawrence his newspaper, called the Lynn Bay State, together with the printing establishment, furniture, type and materials used in printing it; and Lawrence mortgaged them back to the defendant, expressly including "all the type and other printing materials now in use, or which may be procured to be used in said printing office," to secure the payment of the price, and the mortgage was duly recorded; that Lawrence then added to the establishment, by purchase, the articles now sued for, and afterwards conveyed to the plaintiff both the property bought of the defendant and that since added to it by Lawrence, by a bill of sale, which contained covenants of title and good right to sell "in manner aforesaid, subject to" the mortgage to the defendant; and that the defendant had in due form taken possession, under his mortgage, of the whole establishment, including the property sued for.

*Perkins*, J., at the defendant's request, instructed the jury that the plaintiff was estopped, by the recital in the bill of sale to him, to claim, as against the defendant, the property sued for. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*D. Peabody*, for the plaintiff.

*O. P. Lord & S. B. Ives, Jr.* for the defendant. As between the parties thereto, a mortgage of subsequently acquired chattels is valid or, at least, may be made good by some new act or ratification. *Jones* v. *Richardson*, 10 Met. 493. *Lunn* v. *Thornton,*

1 C. B. 379. The plaintiff having accepted a bill of sale, which expressly recited that all the property, including that claimed in this suit, was subject to the mortgage to the defendant, is estopped to deny that the mortgage included this property, or that whatever was necessary to make it so attach had in fact been done. This admission of the plaintiff, inconsistent with the claim now set up, and the entry of the defendant for foreclosure, founded upon that admission, constitute an estoppel *in pais.* *Stephen* v. *Baird,* 9 Cow. 277. 2 Smith's Lead. Cas. (4th Amer ed.) 562, note to *Duchess of Kingston's case.*

BIGELOW, J. A mortgage of chattels cannot convey property of which the mortgagor is not the owner at the time of the conveyance. Whatever may be the agreement between the parties, the mortgage cannot bind property subsequently acquired, without some further act of assurance or ratification. *Jones* v. *Richardson,* 10 Met. 481. *Barnard* v. *Eaton,* 2 Cush. 303.

The bill of sale, under which the plaintiff claims, does not describe all the property included in it as subject to the mortgage to the defendant, nor in any way indicate what portion is covered by the mortgage ; but merely contains covenants of title and good right to sell, subject to the mortgage, leaving the mortgage to apply to such portion of the property as was legally conveyed by it. Nor is there any evidence that the defendant, when he entered under his mortgage, relied on any admission in the bill of sale, or even knew that the sale had been made. There is no ground therefore for holding that the plaintiff is estopped to claim the property acquired by the mortgagor after the mortgage to the defendant. *Exceptions sustained.*